FILED
Apr 26, 2019
12:04 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| JASON DZIADOSZ, | ) | |
| Employee, | ) | |
| v. | ) | Docket No. 2018-06-1641 |
| WHITESTONE INVESTMENTS, | ) | |
| INC., | ) | |
| Employer, | ) | State File No. 69336-2018 |
| and | ) | |
| | ) | |
| HANOVER INSURANCE CO., | ) | Judge Joshua Davis Baker |
| | ) | |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS.

---

The Court convened an expedited hearing on April 11, 2019, to consider Mr. Dziadosz's request for temporary disability and medical benefits for a left-hand injury. The Court grants his request for medical benefits but denies his request for temporary disability benefits.

### Claim History

Mr. Dziadosz worked in shipping and receiving for Whitestone Investments, Inc. (Outland), a supplier of camping and outdoor equipment, when he began experiencing flu-like symptoms. He missed several days of work and then went to Vanderbilt Health on September 1, 2018. While there, Mr. Dziadosz complained of left-hand pain, specifically his left index finger. Vanderbilt took three x-rays and found no acute problems.

Mr. Dziadosz went that same day to a Physician's Urgent Care center where he saw Gary Nardin, a physician's assistant. Mr. Nardin determined he had an "overuse syndrome and will most likely continue if he stays at this job." Mr. Nardin provided him pain medication and prednisone.

1

Mr. Dziadosz returned to Outland on September 4 and informed the warehouse lead, Dylan Yeager, that he hurt his hand at work. According to his affidavit, Mr. Dziadosz took the following day off with permission from Mr. Yeager to rest his hand but came to work for a staff meeting. After he arrived home from the staff meeting, Mr. Yeager left him a message informing him he had been fired. Matthew Chilvers, the owner of Outland, told Mr. Dziadosz he fired him due to excessive, unexcused absences.

After his termination, Mr. Dziadosz returned to Mr. Nardin, who diagnosed tendinitis and attributed it to his work:

> In my professional opinion the engagement in the work that he was doing at the distribution center accounted for 50% or more of the cause for his tendinitis. Patient is 75% improved and will hopefully be 100% improved with PT. At this time I do not see that the patient has any restrictions for his engagement in gainful employment.

Soon after his visit with Mr. Nardin, Mr. Dizadosz received a panel of physicians and selected Dr. David Alexander. Dr. Alexander ultimately diagnosed Mr. Dziadosz with tenosynovitis of the hand, wrist and forearm and took him off work for a total of two weeks, for which Mr. Dziadosz received temporary-total disability benefits. In his medical notes, Dr. Alexander imposed restrictions and indicated Mr. Dziadosz could "Return to Light Duty work on 11-07-2018" and return as needed. Dr. Alexander wrote, "I have examined this patient and do not feel that he will retain any partial permanent impairment as a result of this work-related claim." He later revised this note and placed Mr. Dziadosz at maximum medical improvement (MMI) as of November 7. Dr. Alexander indicated he needed no further medical treatment.

After being placed at MMI, Mr. Dziadosz contacted the insurance adjuster to schedule a return appointment. The insurance adjuster sent an email to Dr. Alexander's assistant asking if the doctor would see Mr. Dziadosz again. A printed copy of the email contains two boxes, one next to the word "yes" and the other next to the word "no." The "no" box contains a check-mark. After receiving this opinion, Outland filed a notice of controversy and declined to provide further treatment.

As he continued to have problems with his hand, Mr. Dziadosz visited Dr. Todd Wurth, an orthopedic surgeon, on January 29, 2019. Dr. Wurth diagnosed left index trigger finger and gave him a steroid shot. If the shot failed to relieve the condition, Dr. Wurth recommended A-1 pulley-release surgery. He did not impose any work restrictions. Mr. Dziadosz paid $250 out-of-pocket for the visit.

2

**Findings of Fact and Conclusions of Law**

To prevail at an expedited hearing, Mr. Dziadosz must present sufficient evidence to prove he would likely prevail at a final hearing in his claim for temporary disability and medical benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-9 (Mar. 27, 2015).

Mr. Dziadosz must have suffered either an acute or a gradual injury as defined by the Workers' Compensation Law. Under the law, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" The injury, whether acute or gradual, must be caused "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *See* Tenn. Code Ann. § 50-6-102(14).

Mr. Dziadosz testified he began having hand pain while working for Outland. He gave the same history to his medical providers. While Mr. Yeager testified that the work was not strenuous and questioned the repetitive nature of it, Dr. Alexander agreed that Mr. Dziadosz's pain stemmed from warehouse work. Thus, the Court holds Mr. Dziadosz would likely prevail in proving he suffered an incident or set of incidents arising primarily out of and in the course and scope of his employment that caused the need for treatment. The remaining question is whether the work caused his need for further medical treatment. The Court finds that it did.

Mr. Dziadosz seeks additional treatment for his hand. Under the Workers' Compensation Law, the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). Outland initially provided this treatment with Dr. Alexander, who treated Mr. Dziadosz and released him at MMI.

Although Dr. Alexander determined Mr. Dziadosz suffered no permanent impairment, his medical notes indicated Mr. Dziadosz could return as needed. Mr. Dziadosz continued to suffer pain and requested additional care, and his own assessment of his physical and disability is competent testimony. *See Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 774 (Tenn. 2000). Despite Mr. Dziadosz's right to continued reasonable and necessary care, Dr. Alexander declined to treat him, and Outland controverted the claim.

Left without authorized medical care, Mr. Dziadosz sought treatment on his own from Dr. Wurth and incurred costs. Dr. Wurth affirmed the diagnosis of tenosynovitis, gave him a steroid injection for his pain, and discussed possible surgical intervention if necessary. The Court finds Mr. Dziadosz's actions were reasonable. He would likely prevail at a hearing on the merits in proving entitlement to further medical treatment, as the condition Dr. Wurth treated was the same condition he suffered at work and Dr. Alexander refused to see him. The Court designates Dr. Wurth as the authorized treating physician and orders Outland to pay for any future reasonable and necessary medical care he provides to Mr. Dziadosz. *See Barrett v. Lithko Contracting, Inc. et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 93, at *8 (Dec. 8, 2016) (An employer runs the risk of having to pay for unauthorized treatment if a court later determines that the treatment was reasonable and necessary.). In addition, Outland must pay Mr. Dziadosz the $250.00 he spent for treatment with Dr. Wurth.

In addition to his medical treatment request, Mr. Dziadosz requested additional temporary disability benefits. To establish entitlement to temporary total disability benefits, Mr. Dziadosz must show: his injury disabled him from working; a causal connection exists between his injury and inability to work; and the duration of his disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Compensation for temporary partial disability is sixty-six and two-thirds percent of the "difference between the average weekly wage of the worker at the time of the injury and the wage the worker [earns] in the worker's partially disabled condition." Tenn. Code Ann. § 50-6-207(2). Because no doctor has taken Mr. Dziadosz off work or imposed any workplace restrictions other than for the two-week period for which he received temporary-total disability benefits, the Court cannot award these benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Outland shall provide Mr. Dziadosz medical care with the authorized treating physician, Dr. Todd Wurth.

2. Outland shall pay Mr. Dziadosz $250.00 for his payment for treatment with Dr. Wurth.

3. Mr. Dziadosz's request for temporary disability benefits is denied at this time.

4. This matter is set for Status Conference on June 24, 2019, at 9:00 a.m. (CDT). The parties must call (615) 741-2113 or (855) 874-0474 to participate.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance

4

with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

**ENTERED APRIL 26, 2019.**


_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

# INDEX

**Exhibits:**

1. Medical Records
2. Mr. Dziadosz's Affidavit
3. Choice of Physician Form
4. Notice of Controversy
5. Ms. Sanders-Hardin's Affidavit (last paragraph not admissible)
6. Medical Care Receipts
7. Text Messages
8. Employee Handbook
9. Email
10. Return to Work Note

**Technical Record:**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Mr. Dziadosz's Pretrial Brief
5. Outland's Pretrial Brief

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on April 26, 2019.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|----------------|------------------|-----------|------------------|
| Jason Dziadosz, Employee | | | x | jasondziadosz@gmail.com |
| Tyler D. Smith, Employer's Attorney | | | x | tsmith@lewisthomason.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____
**Employee**

v.

_____
**Employer**

**Notice**

Notice is given that _____
    [List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*Attach an additional sheet for each additional Appellant*

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*Attach an additional sheet for each additional Appellee* *

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $_____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____